IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41512
Summary Calendar
_____

LEONARD B. HARMON,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, Michael Unit,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-825
- - - - - - - - - -
June 11, 1998
Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Leonard B. Harmon, Texas prisoner # 661460, has filed a
motion to vacate the January 30, 1998, letter of the clerk of
this court advising him that he is required to comply with 28
U.S.C. § 1915 by filing a motion for leave to proceed *in forma
pauperis* (IFP) on appeal in the district court.  Harmon argues
that the clerk abused his authority in issuing the above letter
and in not allowing him to proceed IFP on appeal without further

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

authorization pursuant to Rule 24 of the Federal Rules of Appellate Procedure. Harmon did not file an IFP motion in the district court. The clerk's January 30, 1998, letter correctly advised Harmon that in order to proceed IFP on appeal he must file an IFP motion in the district court. See 28 U.S.C. § 1915(b)(1); Morgan v. Haro, 112 F.3d 788, 789 (5th Cir. 1997). Harmon's motion to vacate the clerk's January 30, 1998, letter is DENIED.

Because Harmon failed to file an IFP motion in the district court as directed by the clerk of this court and because he has filed a frivolous motion to vacate the clerk's January 30, 1998, letter in an attempt to circumvent the requirements of § 1915(b), Harmon's appeal is dismissed as frivolous. See 5th Cir. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Additionally, Harmon is cautioned that any future frivolous appeals or pleadings filed by him or on his behalf will invite the imposition of sanctions. Harmon is cautioned further to review any pending appeals and pleadings to ensure that they do not raise arguments that are frivolous.

MOTION TO VACATE DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.