IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30737
Summary Calendar
_____

BEN ALAN SNIPES,

Plaintiff-Appellant,

versus

CHARLES COOK; MILSTEAD, Mr.; EARL BREAUX,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-235
--------------------
September 3, 1999

Before KING, Chief Judge, and EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Ben Alan Snipes, currently incarcerated in Florida, appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief could be granted of his *pro se* and *in forma pauperis* (IFP) civil rights complaint. Snipes' motion for a stay of this appeal and/or consolidation of this appeal with No. 98-CV-0642 and his motion for leave to appeal the district court's denial of his motion for consolidation are DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Snipes alleged that while he was incarcerated in the Ouachita Correctional Center in Louisiana, the defendants denied him access to the court, denied him access to the administrative grievance procedure, and retaliated against him. Snipes also listed the following alleged violations of his civil rights: destruction of mail; deliberate indifference to investigate; violation of church and state; reckless endangerment due to the lack of fire extinguishers; reckless endangerment due to the lack of 24-hour floor personnel in living and recreational areas; denial of unmonitored phones for calls to attorneys; lack of notice of the monitoring of phone calls; lack of notice of grievance and disciplinary procedures; denial of "legal addresses"; and discrimination and retaliation by allowing some inmates to have legal books from home.

Snipes does not address the district court's reasons for dismissing his complaint, and thus, he has abandoned the only issue for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Snipes does not reiterate his retaliation claim in this court. Accordingly, he has abandoned it. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)(arguments must be briefed to be preserved).

Snipes' appeal is without arguable merit, is frivolous, and is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); *see* 5TH CIR. R. 42.2.

This is not the first complaint or appeal filed by Snipes that has been dismissed as frivolous. A prisoner may not

> bring a civil action or appeal a judgment in
> a civil action or proceeding under this

section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Including the district court's dismissal of Snipes' complaint and the dismissal of this appeal, Snipes has four "strikes."  *See Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996).

Our dismissal as frivolous of Snipes' appeal in *Snipes v. Ward*, No. 98-30736 (5th Cir. Apr. 19, 1999), and the district court's dismissal as frivolous of Snipes' 42 U.S.C. § 1983 complaint in that case count as Snipes' first and second strikes. The district court's dismissal of Snipes' complaint as frivolous in the instant case is Snipes' third strike.  *See Snipes v. Cook*, No. 98-CV-235 (W.D. La. July 13, 1998).  This court's dismissal of the instant appeal is the fourth strike.

Except for cases involving an imminent danger of serious physical injury, Snipes is BARRED under § 1915(g) from proceeding further under § 1915.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR ORDERED; MOTIONS DENIED.