IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41548
Conference Calendar

_____

GREGORY LYNN SCERCY,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
JAMES LYNAUGH, Executive Director;
CHARLES ALEXANDER, Dr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-94-CV-444
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Gregory Lynn Scercy, Texas inmate #458066, appeals the

district court's denial of his Fed. R. Civ. P. 60(b) motion.

Scercy's motions for leave to file a second supplemental brief;

for production of documents; for leave to consolidate the instant

appeal with Case No. H-98-4339; and for reversal of the judgments

in Case Nos. G-94-CV-444, H-94-3325, H-94-3138, H-94-CV-744-E,

and H-94-3324 are DENIED.

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Scercy has not challenged the district court's reasons for denying his Rule 60(b) motion. Accordingly, he has abandoned the only issue before this court, and he has failed to show that the district court abused its discretion by denying him relief from the judgment. *See Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Scercy's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). The district court's dismissal of Scercy's complaint in *Scercy v. Lynaugh*, No. G-94-444 (S.D. Tex.; May 1, 1996), also counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)(dismissal as frivolous by district court counts as a strike once prisoner has exhausted or waived his appeals); § 1915(g). We caution Scercy that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; ALL OUTSTANDING MOTIONS DENIED; SANCTION WARNING ISSUED.