IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10592
Conference Calendar
_____

JERROLD DON JONES,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS; STATE OF TEXAS CHAIRMAN;
COURTS; DALLAS POLICE DEPARTMENT; DALLAS
COUNTY; TEXAS DEPARTMENT OF CORRECTIONS;
TEXAS DEPARTMENT OF CRIMINIAL JUSTICE,
INSTITUTIONAL DIVISION; TEXAS DEPARTMENT
OF CRIMINAL JUSTICE; STORE OWNER; TRIAL COURT
JURIS; GERRY MEIER, Judge; TERESA TOLLE,
District Attorney; DISTRICT ATTORNEY OFFICE,
Company,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Nortern District of Texas
USDC No. 3:98-CV-2798-D
--------------------

December 16, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Jerrold Don Jones, Texas prisoner No. 460703, appeals the
district court's dismissal as frivolous of his 42 U.S.C. § 1983
suit.  Jones argues on appeal that he was framed for aggravated
robbery and that he did not receive a fair trial.  He asks this

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court to vacate his conviction and to award him "zillions" of dollars in monetary damages. The motion is DENIED.

Jones' suit is not cognizable under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. Jones has neither alleged nor proven that his imprisonment has been invalidated. Accordingly, Jones' appeal is legally frivolous and it IS DISMISSED. 5TH CIR. R. 42.2.

The district court's dismissal of Jones' complaint and this court's dismissal of the appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Jones is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.