IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10817
Conference Calendar

_____

LOUIS EDWARD SPEARMAN,

Petitioner-Appellant,

versus

NANCY F. ATLAS, U.S. District Judge,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-199-C
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Louis Edward Spearman, Texas prisoner #708729, argues that the district court abused its discretion in denying his petition for mandamus. Spearman sought an order directing Judge Nancy Atlas of the Southern District of Texas, to conduct an evidentiary hearing in Spearman's civil rights case, which Judge Atlas had previously dismissed as frivolous.

Spearman has not shown that the district court abused its discretion in denying his request for a writ of mandamus. Spearman had a remedy available in the form of an appeal from Judge Atlas' dismissal of the civil rights complaint. Further,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the decision whether to grant an evidentiary hearing is a discretionary act rather than a nondiscretionary duty. Spearman has not demonstrated that he was entitled to the extraordinary remedy of a writ of mandamus. See Hecker v. Ringer, 466 U.S. 602, 616 (1984).

Because Spearman has failed to raise an issue of arguable merit, his appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

The dismissal as frivolous of Spearman's appeal in Spearman v. McKnight, No. 98-10725 (5th Cir. June 16, 1999) constituted a "strike" against him under 28 U.S.C. § 1915(g). The district court's dismissal of the instant mandamus action as frivolous constitutes a second strike, and this court's dismissal of this appeal as frivolous constitutes a third strike. See Adepegba v. Hammons, 103 F.3d 383, 386-88 (5th Cir. 1996).

Spearman is BARRED from proceeding in forma pauperis in any civil action or appeal while he is incarcerated unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; BAR IMPOSED.