IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

-----

No. 99-30932
Conference Calendar

-----

JOHN ROBERT NICOLAUS,

Plaintiff-Appellant,

versus

MONISA L. THOMPSON, Assistant D.A. for
East Baton Rouge Parish,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-412-B
---------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:*

John R. Nicolaus, Louisiana prisoner # 84080, appeals from the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim, pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915A. He asserts that Monisa L. Thompson, the assistant district attorney who filed the respondent's answer to his fourth petition for state habeas relief, made allegations in her brief which she knew to be false. Specifically, he contends that Thompson's assertion that he committed the offense of conviction is

-----

*	Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fallacious because he, a former United States Marine, was stationed in California at the time of the murder, which occurred in Baton Rouge, Louisiana.

In order to prevail on this claim, Nicolaus would have to demonstrate that he is innocent of the murder of which he was convicted. Such a result would necessarily imply the invalidity of Nicolaus's conviction, which has not yet been overturned or expunged. Therefore, this claim is barred by the principle, enunciated in Heck v. Humphrey, 512 U.S. 477 (1992), that no cause of action exists under § 1983 for allegations which, if proved, would imply the invalidity of an underlying conviction or sentence until the underlying conviction or sentence is overturned or otherwise invalidated. Id. at 486-87.

This appeal is frivolous, and we dismiss it as such. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The magistrate judge's dismissal of Nicolaus's complaint for failure to state a claim and this court's dismissal of the appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). If Nicolaus accumulates three "strikes" under § 1915(g), he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). To avoid sanctions, Nicolaus is cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.