IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40899
Conference Calendar

_____

TOMMY LEE SIMMONS, JR.; ANDREA EMEARY SIMMONS,

                                        Plaintiffs-Appellants,

versus

DAVID CUMMINGS; ROBERT FAULKNER, Magistrate Judge; RANDY BLAKE;
MIKE BRADFORD; CAROL K. JOHNSON; SAMMIE HEDGE; JAMES W. PARSONS;
WILLIAM S. FITZGERALD; DAVID J. MALAND; TOYA MCEVEN; JAMES BRETT
SMITH; EDWARD DANERI; GERALD WAYNE COBB; RONALD USELTON; TERRY
BOX; RICHARD CARROLL; DEBRA BOND; KEN PAITH; BRAD GIBSON; SCOTT
WHITE; BRIAN T. BLICKENSDERFER; MONTY DEVINNEY; TARA FLETCHER;
PAUL BROWN; TOMMY DAVIS; SCOTT T. SMITH,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-1
--------------------
April 14, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

        Tommy Lee Simmons, Jr., federal prisoner # 06069-078, and

his wife, Andrea Emeary Simmons, # 06080-078, appeal the district

court's dismissal as frivolous of their civil rights action

against 26 state and federal officials pursuant to 42 U.S.C.

§ 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau

of Narcotics, 403 U.S. 388 (1971), in which they alleged various

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

constitutional claims arising out of their convictions for possession with intent to distribute crack cocaine.

In their appellate brief, the appellants argue the merits of their alleged constitutional claims relating to their convictions. They do not argue that the district court erred in its determination that their claims are a challenge to their convictions and are subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994). Failure of an appellant to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Because appellants do not address the basis of the district court's dismissal, they have abandoned the only issue on appeal before this court.

We hold that this appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. All outstanding motions are DENIED.

Tommy Lee Simmons, Jr., and Andrea Emeary Simmons are hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). Although the Simmonses have paid the appellate filing fee, nothing in the language of § 1915(g) suggests that the dismissal of this appeal as frivolous would not count as a "strike" for purposes of determining future eligibility to proceed IFP under the PLRA. This is in addition to the strike for the district court's

dismissal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]".).  We caution the Simmonses that once they accumulate three strikes, they may not proceed IFP in any civil action or appeal filed while they are incarcerated or detained in any facility unless they are under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED.