IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50683
Conference Calendar

_____


KEITH REYNARD BLACKSHIRE,

                                              Plaintiff-Appellant,

versus

ED RICHARDS, Sheriff; N. BAKER; STEPHEN BENOLD, DR.,

                                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-442-SS
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Keith Reynard Blackshire, Texas prisoner # 838293, appeals the grant of summary judgment in favor of the defendants in his civil rights action under 42 U.S.C. § 1983 on July 21, 1998. Blackshire asserted that he was denied medication and medical attention by Sheriff Ed Richard, Medical Supervisor Nelda Baker, and Medical Administrator Dr. Stephen Benold. We review a grant of summary judgment de novo. Thomas v. LTV. Corp., 39 F.3d 611, 615 (5th Cir. 1994). A party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, but

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations and citation omitted).

The undisputed medical evidence showed that Blackshire was clinically obese and suffered from the formation of blood clots in his legs. Blackshire was prescribed Coumidin, a blood thinner, to treat the clotting problem. This resulted in minor rectal bleeding. The blood clots and the rectal bleeding were competing medical conditions which required that an appropriate balance be achieved. Attempting to achieve an appropriate balance in treatment of two conditions cannot be characterized as an unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). It also cannot be characterized as a failure to take reasonable steps to address a recognized risk to the prisoner. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). Blackshire has failed to show a genuine issue of material fact requiring trial. The district court did not err in granting summary judgment.

Blackshire also alleges that the defendants responded inappropriately to his pleadings and orders of the court. The allegations are baseless.

Blackshire's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons,

103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Blackshire that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; STRIKE WARNING ISSUED.