IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50038
Summary Calendar
_____

MARK ANTHONY PEREZ,

Plaintiff-Appellant,

versus

BARBARA A. HOHON; JACINTO C. MEDELLIN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-1137-JWP
--------------------
July 10, 2000

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Perez ("Perez"), Texas prisoner # 665520, has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal following the summary-judgment dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP status, Perez is challenging the district court's certification that IFP status should not be granted on appeal because his appeal presents no nonfrivolous issues and is not taken in good faith. See Baugh v. Taylor, 117 F.3d 1197, 202 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perez contends that the magistrate judge erred by denying his motions for the appointment of counsel, for leave to file a supplemental complaint, and to extend the discovery deadline. He also contends that the magistrate judge erred by granting the defendants' motions for summary judgment.

Perez has failed to show that he will present a nonfrivolous issue on appeal. We affirm the bad-faith certification and deny Perez' IFP motion for essentially the reasons stated by the magistrate judge. See Perez v. Hohon, No. 98-CV-1137 (W.D. Tex. Jan. 18, 2000). Perez' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Perez is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.