IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40939
Conference Calendar

_____


CURTIS SMITH,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; GERALD GARRETT:
JIM GARCIA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-351
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Curtis Smith (Smith), Texas prisoner #609841, appeals the

district court's dismissal of his civil rights action as

frivolous and for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii).  Smith argues that his due process

rights were violated because he has not received notice of his

parole review date or, if that date has been delayed, the

rescheduled parole review date.  As Smith has failed to argue

that he should be segregated from the general prison population

or that the disciplinary cases he received for failing to shave

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violated his First Amendment rights, these issues have been abandoned.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues not briefed on appeal are abandoned).

As noted in Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995), an inmate such as Smith has no liberty interest in obtaining parole in Texas, and so he has no claim for violation of due process in the procedures attendant to parole decisions. Id.  Smith's due process argument is also precluded by the language of Title 37 Texas Administrative Code § 145.3(2) as Smith has repeatedly received major disciplinary cases for failing to comply with prison grooming standards and because his classification has been reduced to the "medium custody level."

Smith's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous constitute two strikes for purposes of the § 1915(g) bar.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Previously, the district court dismissed another civil rights action as frivolous.  See Smith v. Price, No. 6:99cv158 (E.D. Tex. July 21, 1999).  As Smith has accumulated three strikes, he may not proceed IFP in any civil action or appeal brought in a United States court while he is incarcerated unless he is under imminent danger of serious physical injury.  See § 1915(g).

DISMISSED AS FRIVOLOUS; SANCTION ISSUED.