IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10687
Conference Calendar
_____

TONY RAY MITCHELL,

                                        Plaintiff-Appellant,

versus

WALLACE BOWMAN, Judge; ROBERT ANTHONY
MARTINEZ; LANCE T. EVANS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-246-A
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Tony Ray Mitchell, Texas prisoner # 488816, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Mitchell argues that the defendants violated his constitutional right to have the state court order dismissing the criminal charges against him enforced. He argues that the defendants acted in absence of all jurisdiction in revoking his parole based on the dismissed state criminal charges, and therefore, they are not

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to absolute immunity. Mitchell is effectively challenging the revocation of his parole. Because Mitchell has not shown that the parole revocation decision has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, Mitchell's claim is not cognizable under 42 U.S.C. § 1983 and must be dismissed. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Mitchell's appeal is without arguable merit and therefore, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Mitchell's appeal is DISMISSED. See 5TH CIR. R. 42.2. Mitchell is advised that the district court's dismissal of this action and this court's dismissal of this appeal both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Mitchell is also advised that he has two strikes which were imposed in Mitchell v. Garrett, No. 4:00-CV-235-A (N.D. Tex. June 6, 2000) and in Mitchell v. Garrett, No. 00-10686 (5th Cir. Dec. 13, 2000). Mitchell has now accumulated at least three strikes under 28 U.S.C. § 1915(g) and may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.