**REVISED**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-31249
_____


VALENTINO B ADEPEGBA,


                    Plaintiff-Appellant,

versus


BILLY G HAMMONS, Individually and in his
official capacity as special agent assigned to
F C I Oakdale; JOHN L NIXON, Individually and
in his official capacity as acting supervisory
special agent at F C I Oakdale,


                    Defendants-Appellees.


_____

Appeal from the United States District Court
For the Western District of Louisiana
_____

December 31, 1996

Before BARKSDALE, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

     Valentino Adepegba, a federal prisoner, appeals the district

court's dismissal of his *in forma pauperis* civil rights action as

frivolous.  His appeal raises several issues of first impression in

this circuit regarding new *in forma pauperis* provisions of the

Prison Litigation Reform Act.

                              I

     Adepegba is a Nigerian citizen who entered the United States

legally in 1982.  While in the United States, Adepegba has been convicted of crimes including cocaine possession, illegal possession of firearms, and mail fraud.  Proceeding *pro se* and *in forma pauperis* ("i.f.p."), Adepegba filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), against Billy Hammons and John Nixon, agents of the Immigration and Naturalization Service ("INS").  Adepegba alleges that Hammons and Nixon did not follow INS procedure in his interview and that they falsified an INS report that was admitted into evidence at his deportation hearing.

The district court construed Adepegba's complaint to state two causes of action and dismissed each, one as frivolous because it was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and the other for failure to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq.  Adepegba filed a timely notice of appeal December 14, 1995.

This appeal is not Adepegba's first; indeed he is a frequent filer in this court.  We have considered eleven prior Adepegba appeals, and we have dismissed all of them))three of them as frivolous.[1]  On April 26, 1996, after Adepegba filed notice of

---

[1]     *See Adepegba v. Sheriff*, No. 94-40134 (5th Cir. Jul. 21, 1994) (affirmance of section 2241 dismissal without prejudice for failure to exhaust administrative remedies); *Adepegba v. United States Postal Service*, No. 94-10259 (5th Cir. Jul. 28, 1994) (reversal and remand of *Bivens* action dismissed by district court as frivolous); *Adepegba v. Morgan*, No. 94-10681 (5th Cir. Sept. 20, 1994) (affirming section 1983 dismissal under unamended section

appeal in the instant case, the President signed into law the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA" or "Act"), which modifies the requirements for proceeding *in forma pauperis* ("i.f.p.") in federal courts. Among other things, the PLRA revokes prisoners' privileges to proceed i.f.p. if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g), as amended by PLRA. Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed i.f.p. in cases involving imminent danger of serious physical injury. *Id.*

II

Before we address the merits of Adepegba's dismissal in the district court, we must first decide whether the new provisions of the PLRA apply. The new statute provides:

In no event shall a prisoner bring a civil action or

---

1915(d)); *Adepegba v. Louisiana*, No. 94-40749 (5th Cir. Nov. 17, 1994) (affirming section 1983 dismissal as frivolous on statute of limitations grounds and dismissing appeal as frivolous); *Adepegba v. INS*, No. 94-40615 (5th Cir. Apr. 20, 1995) (petition for review of BIA decision dismissed as frivolous); *Adepegba v. Caplinger*, No. 95-30614 (5th Cir. Jul. 11, 1995) (appeal of section 2241 action dismissed for lack of jurisdiction); *United States v. Adepegba*, No. 95-10596 (5th Cir. Mar. 11, 1996) (dismissing habeas corpus appeal); *United States v. Adepegba*, No. 95-31297 (5th Cir. Mar. 20, 1996) (denial of motion for sanctions, temporary restraining order, and preliminary injunction); *Adepegba v. INS*, No. 95-60390 (5th Cir. Mar. 21, 1996) (dismissing as frivolous claims that district court erred in failing to consider objections to magistrate judge's report and failing to provide hearing); *In re Adepegba*, No. 95-00065 (5th Cir. Jun. 6, 1996 (denying petition for mandamus); *Adepegba v. INS*, No. 95-30626 (5th Cir. July 3, 1996) (consolidated dismissal of *Adepegba v. INS*, No. 95-30470 (appealing dismissal of section 2241 petition challenging final order of deportation) and *Adepegba v. Hall*, No. 95-30808 (same)).

> appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g), as amended. This case presents two threshold issues: First, does section 1915(g) govern Adepegba's appeal, which was filed before the Act became law? Second, do Adepegba's prior dismissals bring him within the ambit of the "three strikes" provision of section 1915(g)? Both are issues of first impression in this circuit.

### A

First we decide whether section 1915(g) applies to cases pending on the effective date of the statute. Adepegba filed a notice of appeal in this case on December 14, 1995, months before the PLRA became law. The question of whether to apply a new statute to a case pending on its effective date is governed by the Supreme Court's recent opinion in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994).

*Landgraf* established a two-part test to determine whether the statute should apply. First, courts should determine "whether Congress has *expressly* prescribed the statute's proper reach." *Landgraf*, 511 U.S. at ___, 114 S. Ct. at 1505 (emphasis added). If it has, the court must respect the stated will of Congress. *Id*. Second, where the statute does not contain an express effective date, courts must determine whether the statute would "impair rights a party possessed when he acted, increase a party's

-4-

liability for past conduct, or impose new duties with respect to transactions already completed." *Id*. If it does, courts should not apply the statute to the pending case. *Id*.

Employing this analysis, we find that Congress has specified no effective date for the PLRA. *See Green v. Nottingham*, 90 F.3d 415, 419 (10th Cir. 1996) (holding that PLRA lacks the kind of "unambiguous directive" required by *Landgraf*). No section evidences Congressional intent, so we apply the default rule that the PLRA became effective on the day it was signed into law. Norman J. Singer, 2 *Sutherland Statutory Construction*, § 33.06 at 12 (5th ed. 1993). Congress was also silent as to whether courts should apply the new statute in cases pending on the PLRA's effective date. However, as the Court noted in *Landgraf*, the absence of specific legislative authorization does not automatically render improper a court's decision to apply a new statute to events that predated its passage. 511 U.S. at ___, 114 S. Ct. at 1501. We therefore turn to step two of the *Landgraf* analysis.

Under step two, we should not apply the statute if we find that it would do any of three things: "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id*. at ___, 114 S. Ct. at 1505. We do not believe that applying the provisions of section 1915(g) in this case runs afoul of the second step of *Landgraf*. We have long recognized that there is no absolute "right" to pursue a civil appeal i.f.p.;

-5-

rather it is a privilege extended to those unable to pay filing fees in a timely manner. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Furthermore, every limitation of a privilege does not count as a liability or a duty. Section 1915(g) governs procedure, and it does little more than apply the same rules to prisoners that apply to everyone else who brings an action or appeal.

We note that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Landgraf*, 511 U.S. at ___, 114 S. Ct. at 1502. The Supreme Court has long held that, because rules of procedure govern secondary conduct rather than primary conduct, applying them to cases pending on their effective date does not violate presumptions against retroactivity. *Id*. at ___, 114 S. Ct. at 1502, citing *McBurney v. Carson*, 99 U.S. 567, 569, 25 L Ed. 378 (1879). Therefore the Court has upheld procedural changes even where they work to the disadvantage of defendants in pending cases. *Landgraf*, 511 U.S. at ___, 114 S. Ct. at 1502 n.28, citing *Dobbert v. Florida*, 432 U.S. 282, 293-94, 97 S. Ct. 2290, 2298-99, 53 L. Ed. 2d 344 (1977); *Collins v. Youngblood*, 497 U.S. 37, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990); *Beazell v. Ohio*, 269 U.S. 167, 46 S. Ct. 68, 70 L. Ed. 216 (1925).

Section 1915 is a procedural statute governing the process by which indigent individuals, including prisoners, bring civil actions or appeals in the federal courts. Before amendment, section 1915 allowed qualifying prisoners to bring an action or

appeal without prepaying court fees, which are normally in excess of $100. *See* 28 U.S.C. § 1913 note (Judicial Conference Schedule of Fees). The amended provisions of section 1915(b) allow qualifying individuals to pay the filing fee in installments over time. 28 U.S.C. § 1915(b), as amended. Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures. We therefore find that application of this procedural rule to pending appeals does not raise the retroactivity concerns discussed in *Landgraf*. *Accord Green v. Nottingham*, 90 F.3d, 415, 420 (10th Cir. 1996) (holding that section 1915(g) does not run afoul of *Landgraf* because it is a "procedural rule");[2] *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) ("All § 1915 has ever done is excuse prepayment of docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.").

The second reason that application of section 1915(g) does not raise retroactivity concerns is that it does not impose new or

---

[2]     Green's case is on slightly different procedural footing, however, since he filed his appeal on May 7, 1996, after the President signed the PLRA. It is unclear to us that *Landgraf* is the proper mode of analysis for such cases. *See Landgraf*, 511 U.S. at ___, 114 S. Ct. at 1488 (noting that the Court granted certiorari to decide whether provisions of the Civil Rights Act of 1991 applied to a Title VII case pending on appeal when the statute was enacted). We limit today's holding to appeals pending when the PLRA was signed.

additional liabilities, but instead requires collection of a fee that was always due. In providing procedures to litigate *in forma pauperis*, Congress created an exception to the general rules under 28 U.S.C. §§ 1911-14, which impose filing fees on federal court litigants. Section 1915(g) puts prisoners on the same footing as every other petitioner in federal court. We hold that this is not a duty or a liability under *Landgraf*.

The revocation of this privilege is not new, either. Before the PLRA, courts routinely revoked a prisoner's ability to proceed i.f.p. after numerous dismissals. *See*, *e.g.*, *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir.) (per curiam) (court enjoined petitioner, who had filed over 500 state and federal suits, from proceeding i.f.p. unless complaints specifically alleged constitutional deprivation), *cert. denied*, 454 U.S. 1087, 102 S. Ct. 646, 70 L. Ed. 2d 623 (1981). By adding section 1915(g), Congress determined that three qualifying dismissals constituted per se abuse of the i.f.p. procedures. The "three strikes" provision merely codifies an existing practice in the courts designed to prevent prisoners from abusing the i.f.p. privilege.

Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel nor penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else. We find that section 1915(g) does not impair prisoners' rights, nor increase their liability, nor impose a new duty under *Landgraf*. We

therefore apply the statute to this appeal. *See Green*, 90 F.3d at 420 (holding that "three strikes" provision does not raise retroactivity concerns).

B

Having determined that section 1915(g) governs this appeal, we must now consider whether Adepegba has three or more qualifying dismissals under the statute. Congress provided no instructions to aid us in determining exactly what counts as a dismissal under amended section 1915(g). To complicate this determination, Adepegba has afforded us a number of different and creative dismissal combinations.

It is straightforward that affirmance of a district court dismissal as frivolous counts as a single "strike." In September 1994, we affirmed a district court's dismissal of an Adepegba section 1983 claim against the City of Balch Springs. *Adepegba v. Morgan*, No. 94-10681 (5th Cir. Sept. 20, 1994). Adepegba failed to allege any policy or custom of the city that resulted in the violation of his constitutional rights; the district court dismissed as frivolous and we affirmed. We interpret the fact that actions or appeals qualify, and the fact that any "court of the United States" may provide the forum, to mean that dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. In *Adepegba v. Morgan*, we only addressed the merits below, not the merits of the appeal. Such a disposition merely states that the district court did not err in determining that the underlying action was frivolous. Therefore we

-9-

find that the district court's dismissal of Adepegba's section 1983 claim counts, but our affirmance, standing alone, does not. Adepegba's claim against Balch Springs is strike one.

However, we find it plain that reversal of a dismissal as frivolous nullifies the "strike." In *Adepegba v. United States Postal Service*, No. 94-10259 (5th Cir. Jul. 28, 1994), we reversed and remanded a district court frivolousness dismissal. Although Adepegba filed a claim that was dismissed by the district court, our subsequent reversal lifts the strike from his record. We note that it is possible to read the statute otherwise; section 1915(g) only requires that on three or more prior occasions a prisoner have had an action dismissed. The statute does not proscribe any cure for erroneous dismissals. Such an extreme reading would count the entry of three dismissals, even though each had been reversed, an absurd result we cannot believe Congress intended. We hold that, by using the phrase "dismissed on the grounds that it is frivolous," Congress did not mean to include dismissals later reversed. Because such dismissals are reinstated on appeal, such claims are not properly considered "dismissed" for the purposes of the statute.

By similar reasoning, we decline to count against Adepegba the district court's dismissal as frivolous in the instant case))at least for now. A dismissal should not count against a petitioner until he has exhausted or waived his appeals. Any other reading of the statute poses a risk of inadvertently punishing nonculpable conduct. For example, an indigent prisoner's fourth claim could

-10-

expire while his first three dismissals were being reversed on appeal. A hyper-literal reading of the statute might also bar a prisoner's appeal of an erroneous third strike, since the appeal would follow three prior dismissals. It is uncontroversial from the plain language of the statute that Congress intended section 1915(g) only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors. We accordingly read dismissals under the statute to include only those for which appeal has been exhausted or waived. Because Adepegba did not appeal the Fifth Circuit cases cited in this opinion (two affirmances and one dismissal as frivolous) within ninety days, those strikes qualify under the statute. *See* S. Ct. Rule 13 (establishing deadlines for appeal).

By contrast, both the frivolous appeal and a lower court's dismissal as frivolous count. In November 1995, we affirmed a district court order dismissing as frivolous Adepegba's Fourth Amendment claims against the State of Louisiana arising out of a 1985 traffic stop. *Adepegba v. Louisiana*, No. 94-40749 (5th Cir. 1994). In his appeal, Adepegba did not argue the merits of his dismissed claims, which we deemed abandoned; thus we affirmed the district court's dismissal. Strike two.

In the same appeal, Adepegba raised different issues, arguing that the district court improperly dismissed his complaint without service of process and without issuing interrogatories. Neither is required, and we separately dismissed his appeal as frivolous under Fifth Cir. R. 42.2. Congress suggests in the statute that *any*

appeal dismissed as frivolous counts against the petitioner; it makes no exception for frivolous appeals of district court dismissals. Therefore we find that Congress would have us count both the dismissal in the district court *and* the separate dismissal of the appeal as frivolous. This holds true whether the case is dismissed under Fifth Cir. R. 42.2, unamended section 1915(d)(allowing courts to dismiss cases or appeals as frivolous), the new section 1915(e)(2) (as amended by PLRA) (allowing courts to dismiss cases at any time for a broad array of reasons), new section 1915A(b) (as amended by PLRA) (same), 42 U.S.C. § 1997(e)(7)(c) (as amended by PLRA) (allowing courts to dismiss section 1983 prison conditions cases) or any other grounds independent of the district court's disposition. Adepegba's appeal in *Adepegba v. Louisiana* is strike three.[3]

We therefore find that Adepegba has three or more strikes under the statute. Adepegba is out, and not just in this appeal. Under the terms of the statute, he may pursue another action in federal court i.f.p. only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g), as amended. Therefore, except for cases involving an imminent danger of serious physical injury, we bar him from proceeding further under the statute and dismiss all of Adepegba's i.f.p. appeals pending in this court. He

---

[3]     In addition, we dismissed as frivolous two other Adepegba appeals  before the effective date of the PLRA, which would also count under the statute. *See Adepegba v. INS*, No. 94-40615 (5th Cir. April 20, 1995), *cert. denied*, ___ U.S. ___, 116 S. Ct. 228, 133 L. Ed. 2d 157 (1995); *United States v. Adepegba*, No. 95-10596 (5th Cir. Mar. 11, 1996).

may resume any claims dismissed under section 1915(g), if he decides to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

### III

Therefore we DISMISS Adepegba's appeal in this case, as well as any other appeal not involving physical injury, pending in this circuit on the date of this opinion.