# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 98-41525
Summary Calendar

_____

JEHAAD A.M.E. SAAHIR,
f/k/a Jehad Addullah Shabazz,
a/k/a James Loggins,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-273

_____

June 14, 1999

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Jehaad A.M.E. Saahir, formerly known as Jehad Abdullah Shabazz, a/k/a James Loggins, Texas prisoner # 291515, seeks leave to appeal *in forma pauperis* (IFP) from the district court's dismissal of his 42 U.S.C. § 1983 action. Saahir's motion for leave to appeal IFP is DENIED. On at least three prior occasions while

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarcerated, Saahir has brought an action or an appeal in a United States court that was dismissed as frivolous. *See* **Muhammad v. Lynaugh**, 966 F.2d 901, 902-03 (5th Cir. 1992) (affirmance of district court dismissal as frivolous); **Saahir v. Estelle**, No. 95-40633 (5th Cir. Dec. 19, 1995) (unpublished) (dismissal of appeal as frivolous); **Saahir v. Estelle**, No. 98-40103 (5th Cir. Dec. 10, 1998) (unpublished) (dismissal of appeal as frivolous). Accordingly, Saahir may not proceed IFP in any civil action or appeal filed while he is in prison unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); **Adepegba v. Hammons**, 103 F.3d 383, 388 (5th Cir. 1996). His allegations in this case do not qualify.

This appeal is DISMISSED. Saahir has 15 days from the date of this opinion to pay the full appellate filing fee of $105 to the clerk of the district court, should he wish to reinstate his appeal.

Because Saahir is now subject to the provisions of § 1915(g) for the filing of IFP civil actions and appeals, we shall no longer apply or enforce the sanction imposed in **Saahir v. Estelle**, No. 98-40103 (5th Cir. Dec. 10, 1998). We hereby inform Saahir that, in the future, while he remains incarcerated and subject to the provisions of the PLRA, should he seek to file an *in forma pauperis* civil action in the district courts, or an *in forma pauperis* civil appeal in this court, he should file a motion to proceed IFP in accordance with § 1915(g) rather than filing a miscellaneous motion for permission pursuant to the sanction imposed in No. 98-40103. The Clerk of this court and the clerks of the district courts in this circuit are

hereby directed that they shall, from this date forward, apply § 1915(g) to Saahir's

IFP civil appeals and actions rather than the sanction in No. 98-40103.

MOTION FOR PERMISSION TO APPEAL IFP DENIED; 28 U.S.C.

§ 1915(g) BAR APPLIED; APPEAL DISMISSED.