IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10288
Conference Calendar

_____

WILMER MURPHY,

                                        Plaintiff-Appellant,

versus

RICHARD M. STEWART, Correctional Officer III;
JOHN MOON, Counsel Substitute; VINCE WALKER,
Captain; R.O. LAMPERT, Warden; JAMES M. DUKE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-136
- - - - - - - - - -

Decmeber 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Wilmer Murphy, Texas prisoner # 793893, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous.  *See* 28
U.S.C. § 1915(e)(2)(B)(i).  He argues that the district court did
not address the real issues of his complaint--the failure to
investigate false charges, refusal to call witnesses,
insufficiency of evidence, and ineffective assistance of counsel.

    Murphy has also filed a motion for appointment of counsel on

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal and a motion for injunctive relief to compel prison officials to return legal materials and personal property and to provide copies of his medical records.  These motions are DENIED.

Murphy has failed to meet the requirements of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)(holding that *Heck* includes adverse rulings in prison disciplinary proceedings), *cert. denied*, 119 S. Ct. 1052 (1999).  Murphy has failed to state a claim for retaliatory interference as well.  *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Accordingly, Murphy's appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.

The district court's dismissal counts as a strike against Murphy.  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  This court's dismissal as frivolous counts as another strike.  *Id.*  Should Murphy accumulate three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Murphy is cautioned to review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED AS FRIVOLOUS; ALL OUTSTANDING MOTIONS DENIED; SANCTIONS WARNING ISSUED.