IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11412
Conference Calendar

_____

CHARMANE SMITH,

Plaintiff-Appellant,

versus

FEDERAL MEDICAL CENTER CARSWELL,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-327-T
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Charmane Smith, federal prisoner # 15587-076, appeals the district court's dismissal of her civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915(A) and § 1915(e)(2)(B)(ii). Smith argues that her civil commitment is illegal, that the involuntary medication is unnecessary and dangerous to her health, that the evaluating psychologist was unethical, negligent, or criminal in his diagnosis, and that the magistrate judge's findings had nothing to do with her lawsuit. According to Smith, she was criminally indicted on several

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

charges but was determined incompetent to stand trial, was committed to the custody of the Attorney General for four months by an order entered on June 18, 1997, and was sent to FMC Carswell for restoration of competency. She states that on October 2, 1998, she was civilly committed pursuant to 18 U.S.C. § 4246(d). She contends that her lawsuit is for a monetary judgment and release from prison on the grounds that she was illegally committed and that the psychologist was guilty of negligence and malpractice. The focus of her brief is a challenge to the civil commitment order issued by the district court in the Western District of Tennessee. She does not challenge the basis of the district court's dismissal of this civil rights action, that she has not named an individual defendant subject to suit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) or the Federal Tort Claims Act (FTCA).

Smith filed a separate habeas petition pursuant to 28 U.S.C. § 2241 in the Northern District of Texas on May 13, 1999, challenging the civil commitment order. The district court dismissed that action because Smith's direct appeal of the commitment order was pending in the Western District of Tennessee. Smith v. Bogan, No. 4:99-CV-384-Y (N.D. Tex. Nov. 16, 1999). Smith is seeking essentially the same relief in this civil action as she sought in the habeas action. She seeks to challenge the propriety of the civil commitment order.

The district court did not err in dismissing Smith's complaint for failure to state a claim. Black v. Warren, 134

F.3d 732, 733-34 (5th Cir. 1998).  Due to Smith's failure to address the basis of the district court's dismissal, her appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  All outstanding motions are DENIED.

Smith is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal for failure to state a claim.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  We caution Smith that once she accumulates three strikes, she may not proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED.