IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60759
Conference Calendar

_____

JOHNEIL WATKINS, JR.,

                                    Plaintiff-Appellant,

versus

EDWARD O. BENSON,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-592-W-S
--------------------
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Johneil Watkins, Jr., Mississippi prisoner #47464 Q210,
appeals from the dismissal of his civil rights action as
frivolous because the defendant was not a state actor.  In his
appellate brief, Watkins outlines his allegations against the
defendant; contends that the defendant acted unethically and
swindled his family; and argues that the district court erred by
dismissing his complaint without allowing him to present evidence
to support it.  Watkins's brother moves to supplement the record;
that motion is DENIED.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Watkins does not contend that the defendant was a state actor, as is required to pursue relief under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Watkins has failed to brief the sole ground for the dismissal of his action. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, the district court need not have allowed Watkins to present evidence before dismissing the action. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Watkins's appeal is frivolous and is dismissed. The dismissal of Watkins's action counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal counts as a second "strike." *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Watkins is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTION WARNING ISSUED; MOTION DENIED.