IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11189
Conference Calendar
_____

WILLIE HUGH MORRIS,

                                      Plaintiff-Appellant,

versus

JOHN LINEBARGER,

                                      Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1537-A
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Willie Hugh Morris, federal prisoner # 54708-079, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for lack of subject matter jurisdiction. Morris filed this § 1983 action against John Linebarger, the attorney who represented him in his criminal trial in 1992, alleging that he desires to file a motion to bring a successive 28 U.S.C. § 2255 motion attacking his conviction, and that he needs an exhibit which he alleges is in the possession of his attorney. Morris filed with his complaint correspondence between him and Linebarger in which

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Linebarger indicates that the exhibit is no longer in his possession. The district court dismissed this action for lack of jurisdiction, characterizing Morris' claim as one for conversion or some other kind of tort and noted that diversity jurisdiction did not exist. The court stated that the facts did not give rise to a federal question.

Morris argues that the district court denied him his Fifth Amendment rights by not granting the release of the requested exhibit from former trial counsel. He states that he is in the process of filing a successive petition and that without the requested exhibit, he cannot make his prima facie showing under 28 U.S.C. § 2244. He contends that the district court abused its discretion in denying him the opportunity to meet the requirements. He cites several cases having to do with a prisoner's access to the records of his case and an attorney's duty to allow a defendant access to the attorney's work files in the context of a habeas corpus proceeding.

The cited cases are distinguishable for the reason that, according to the documents filed by Morris with his complaint, Linebarger has not refused access to the requested exhibit; it is simply not in his possession. Morris may have a state law tort action against Linebarger, but such a claim is not the basis for a § 1983 action which requires allegations of facts giving rise to a constitutional violation.

The district court did not err in dismissing Morris' § 1983 action for lack of jurisdiction. Morris' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d

215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  <u>See</u> 5TH CIR. R. 42.2.

Morris is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  We caution Morris that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.