IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40414
Conference Calendar
_____


LUCIOUS ALVIN JONES, JR.,

                                        Plaintiff-Appellant,

v.

UNIDENTIFIED KUYKENDALL, Doctor, Coffield Unit;
JOHN EATENING, Coffield Unit Physician,

                                        Defendants-Appellees.

-------------------------------------

LUCIOUS ALVIN JONES, JR.,

                                        Plaintiff-Appellant,

v.

UNIDENTIFIED KUYKENDALL, Doctor; JOHN EATENING, Doctor,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-317
USDC No. 6:00-CV-577
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lucious Alvin Jones, Jr., Texas prisoner # 470169, filed a complaint under 42 U.S.C. § 1983 against the physician at his prison unit alleging that he was denied medical care with respect to his complaints of foot pain.  The magistrate judge dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  Jones did not file a notice of appeal from this judgment.  Jones filed a motion pursuant to FED. R. CIV. P. 60(b)(6), which was denied.  Jones now appeals the denial of that motion.

In his appellate brief, Jones simply recites his original claims and does not mention the strict standard of review that applies to the denial of Rule 60(b) relief.  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).  Although pro se briefs are afforded a liberal construction, even pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Jones's brief fails in this regard.  Accordingly, Jones's appeal is without arguable merit and is DISMISSED.  5TH CIR. R. 42.2.

The magistrate judge's dismissal of the original complaint and the dismissal of this appeal each count as a strike for purposes of 28 U.S.C. § 1915(g).  Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Jones is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).