IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10488
Summary Calendar

STEVE DOUGLAS MCNEAL,

Plaintiff-Appellant,

versus

NFN NOCK, Sergeant; NFN BARNES,
Sergeant; NFN DUFFY, Officer;
ROBERT VINCENT MARTINEZ,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(5:01-CV-106-C)

October 2, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Steve Douglas McNeal, Texas prisoner # 1048066, appeals, *pro se*, the dismissal as frivolous of his 42 U.S.C. § 1983 civil rights complaint. We review such a § 1915 dismissal for abuse of discretion. *E.g., **Norton v. Dimazana***, 122 F.3d 286, 291 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McNeal contends: Defendants denied him access to the courts; and Sergeant Nock engaged in the unauthorized practice of law. He also asserts, for the first time on appeal, that he has been discriminated against because of his indigency. Because this claim was not presented to the district court, we will not address it. *See*, *e.g., Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). McNeal also asserts, again for the first time on appeal, that he continues to be denied access to legal materials, impeding his ability to fully develop his claims. This claim is similarly barred. *See id.* Even if we were to consider the claim, it fails for the reason that, as McNeal acknowledges, he has been transferred from the Lubbock County Jail; thus, the Lubbock County Jail officials, Defendants, are not the proper defendants for any claim for continued denial of access following his transfer out of their custody.

McNeal's claim against Sergeant Nock for allegedly engaging in the unauthorized practice of law fails because McNeal has not demonstrated any resulting constitutional violation. *See Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir.), *cert denied*, 514 U.S. 1017 (1994)("To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured ... by the Constitution or laws of the United States").

His claim against his attorney, Martinez, for denial of access to the courts likewise fails because, as the magistrate judge

determined, Martinez, a private citizen, is not a requisite state actor for § 1983 purposes. *See* **Polk County v. Dodson**, 454 U.S. 312, 318-19 (1981).

McNeal's claim against the Lubbock County Jail officials for denial of access to legal materials is similarly without merit because, as McNeal conceded, he was represented by counsel, to whom he had adequate access. *See* **Tarter v. Hury**, 646 F.2d 1010, 1014 (5th Cir. 1981).

McNeal now claims the magistrate judge erred in determining that Martinez was not a state actor, based on McNeal's assertion that Martinez conspired with jail officials to deny him access to the courts; he further contends the magistrate judge erred in determining that access to Martinez was sufficient to satisfy McNeal's right of access to the courts. The true nature of his claim, however, appears to be that Defendants conspired to have him wrongfully convicted. In other words, McNeal seeks to recover money damages for an allegedly illegal conviction; his claim is barred by **Heck v. Humphrey**, 512 U.S. 477, 486-87 (1994).

McNeal next contends that the magistrate judge erred by not promptly conducting the **Spears** hearing and in failing to permit him to amend his complaint "despite the 8 month delay" in holding the **Spears** hearing. Contrary to McNeal's assertion, there was only a two-month delay in holding the hearing, with the delay being an attempt to accommodate his transfer to a different prison. McNeal conclusionally states that the delay permitted Defendants to harm

3

him further by continuing to deny him access to legal materials; but, as explained, any alleged denial of access post-transfer cannot be attributed to Defendants. Moreover, McNeal has not demonstrated any injury resulting from the delay or from the denial of his motions to amend, because he has not specified how a more prompt evidentiary hearing or an amendment to the complaint would have cured the defects in his claims. Accordingly, any error in postponing the hearing or in failing to allow him to amend was harmless.

McNeal's appeal is wholly without merit, is frivolous, and is therefore **DISMISSED**. *See* 5TH CIR. R. 42.2. The magistrate judge's dismissal of his complaint counts as a "strike" for 28 U.S.C. § 1915(g) purposes, as does this dismissal of this appeal. *See* ***Adepegba v. Hammons***, 103 F.3d 383, 387 (5th Cir. 1996). McNeal is ***CAUTIONED*** that if he accumulates three strikes, he may *not* proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

**DISMISSED; THREE-STRIKES WARNING ISSUED**

4