IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20580
Summary Calendar
_____

CHARLES L. CARR,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; S.O. WOODS; VICTOR RODRIGUEZ,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-3440)
--------------------
October 9, 2002

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Charles L. Carr, Texas state prisoner number 260693, has appealed the district court's judgment dismissing his civil rights action as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B). Carr contends that his right to equal protection was violated by the inclusion of inaccurate and inflammatory information in his state prison and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parole records.  Carr insists that the defendants are required to keep accurate records under state and federal law.

A violation of state law is not cognizable under 28 U.S.C. § 1983, see Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994), and the private right of action created by 5 U.S.C. § 552a(g) of the Privacy Act is limited to actions against agencies of the federal government; it does not apply to state agencies or individuals.  See Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999).  Carr's state law claim is without merit, as are his federal equal-protection and Privacy Act claims.  All are frivolous, as found by the district court.  See Johnson v. Rodriquez, 110 F.3d 299, 306-09 (5th Cir. 1997).

As Carr has not shown that the defendants violated a clearly established federal statutory or constitutional right of which a reasonable person would have known, see Hart v. O'Brien, 127 F.3d 424, 441 (5th Cir. 1997), he has not shown that the district court erred in concluding that the defendants are entitled to qualified immunity from suit.  This contention is frivolous too.

Furthermore, Carr's appeal to this court is frivolous.  We therefore dismiss it as such.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Finally, we caution Carr that the district court's dismissal of his complaint as frivolous and for failure to state a claim is a "strike" for the purposes of 28 U.S.C. § 1915(g), and our dismissal of his appeal as frivolous

2

constitutes a second strike.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.