United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41667
Conference Calendar

JOHNNY AL HUNTER,

Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; VICTOR
RODRIGUEZ, Director, Parole Division; ANN KELLY,
Hearing Officer; PATRICK S. BRIDGES, Parole Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-259
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johnny Al Hunter, Texas prisoner #609870, appeals from the
dismissal of his 42 U.S.C. § 1983 claims as frivolous. Hunter
challenged his parole revocation proceeding in a 42 U.S.C. § 1983
action. The district court dismissed the 42 U.S.C. § 1983 claims
pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because the
result of the revocation proceeding has not been invalidated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hunter does not brief whether the district court erred by dismissing his 42 U.S.C. § 1983 claims pursuant to *Heck*, the sole dispositive ground for the dismissal of those claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We therefore do not address the contentions Hunter does raise on appeal.

Hunter's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissal of Hunter's action and this court's dismissal of his appeal but count as "strikes" against Hunter for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hunter previously had a civil action dismissed for failure to state a claim, another "strike" for purposes of 28 U.S.C. § 1915(g). *Hunter v. Cockrell*, No. C-02-77 (S.D. Tex. Jul. 16, 2002). Because Hunter has accumulated three "strikes," he may not proceed *in forma pauperis* in any civil action or appeal unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION IMPOSED.