United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10157
Conference Calendar

_____

RONALD H. MARR, JR.,

Plaintiff-Appellant,

versus

BRENDA M. CANTU; ARTIE AGULAR;
MR. NFN AGULAR; LUBBOCK COUNTY JAIL,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-170-C
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronald H. Marr, Jr., county detention No. 144882 and Texas
prisoner No. 622463, has appealed the district court's dismissal
with prejudice of his civil rights complaint and moves for
appointment of appellate counsel. The motion for appointment of
counsel is DENIED.

The district court dismissed Marr's complaint as frivolous
pursuant to 28 U.S.C. § 1915(e), holding that Lubbock County,
Texas, Assistant District Attorney Brenda Cantu was entitled to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

absolute prosecutorial immunity; that the other individual defendants were not liable under 42 U.S.C. § 1983 because they were not state actors; and that Marr's claim against Lubbock County was frivolous because Marr had access to the courts through his counsel. The court noted that, to the extent that Marr sought to be released from incarceration, his claims sounded in habeas corpus and further noted that any relief under 42 U.S.C § 1983 was barred by the doctrine of Heck v. Humphrey.[**]

In his appellate brief, Marr argues for the first time that Ms. Cantu and other members of the Lubbock County District Attorney's staff conspired with Lubbock County police officers to convict Marr of failing to register as a sex offender in retaliation for Marr's involvement in a landlord tenant dispute. We decline to consider issues raised for the first time on appeal. Greenberg v. Crossroads Sys., Inc., 364 F.3d 657, 669 (5th Cir. 2004).

Marr has not challenged in this court the district court's reasons for dismissing his complaint. Accordingly, it is as if he had not filed an appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Marr's appeal is without arguable merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2. The district court's dismissal of Marr's complaint as frivolous

---

[**] 512 U.S. 477 (1994).

counts as a strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal.  Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Marr is CAUTIONED that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.