United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30975
Conference Calendar

_____

WILLIE SWAFFORD,

Petitioner-Appellant,

versus

N. BURL CAIN; STATE OF LOUISIANA; CHARLES C. FOTI, JR.,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-648
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Willie Swafford, Louisiana prisoner # 131777, appeals the

district court's dismissal as frivolous of his pro se, in forma

pauperis (IFP) 18 U.S.C. §§ 1961-68 RICO action.  He alleged that

the appellees conspired to obtain his second-degree murder

conviction through the use of, inter alia, "trickery," perjury,

and jury tampering.  Swafford has filed a brief with this court

wherein he argues the merits of his claims raised in the district

court but does not address the basis for the district court's

dismissal of his claims.  He does not address the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's determination that he failed to allege an injury to his property or business as is necessary to recover under RICO. Nor does he address the district court's alternative holding that his claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994).

By failing to brief any argument challenging the district court's reasons for dismissal, Swafford has abandoned the only grounds for appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The appeal is wholly without merit, is frivolous, and is therefore dismissed. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

The dismissal of Swafford's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Swafford is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.