United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 05-11365
Summary Calendar

————————————————

ROMUALDO LOPEZ-HEREDIA,

                                        Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH HOSPITAL; JOHN DOE #1, M.D.
Galveston; JOHN DOE #2-10; DR. SHAH, Opthalmologist; DR. JORGE L.
PARTIDA, Chief Health Programmer; JOSEPH HARO, Warden, Federal
Correctional Institution, Big Spring; BUREAU OF PRISONS; JOHN
ASHCROFT, U.S. ATTORNEY GENERAL, Individually and in his Official
Capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-14
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Romualdo Lopez-Heredia (Lopez), federal prisoner # 51575-

198, appeals from the dismissal as frivolous, pursuant to

28 U.S.C. § 1915A and 42 U.S.C. § 1997e, of his action brought

pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>

<u>of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims

Act (FTCA), 28 U.S.C. §§ 2671-80.  Lopez makes no arguments

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant to the dismissal of his <u>Bivens</u> claims; he has abandoned any such arguments for appeal. <u>See</u> <u>In re Municipal Bond Antitrust Litigation</u>, 672 F.2d 436, 439 n.6 (5th Cir. 1982).

Lopez contends that the physician defendants were agents of the Government for purposes of the FTCA and that the duty imposed on the Bureau of Prisons (BOP) by 18 U.S.C. § 4042 to care for prisoners extends the scope of the FTCA to include the physician defendants. The FTCA's wavier of sovereign immunity does not extend to negligent acts of independent contractors such as the University of Texas Medical Branch (UTMB) or contract physicians. <u>See</u> <u>Linkous v. United States</u>, 142 F.3d 271, 275-77 (5th Cir. 1998). Lopez's contention that the independent-contractor physician defendants in his case were agents of the Government is unavailing.

Assuming, arguendo, that Dr. Jorge Partida was a federal employee, then recovery from the United States might be possible under to the FTCA. <u>See</u> <u>Bodin v. Vagshenian</u>, 462 F.3d 481, 484 (5th Cir. 2006); <u>Gil v. Reed</u>, 381 F.3d 649, 658 (7th Cir. 2004). The BOP's FTCA claims procedure is separate from the BOP's administrative remedies procedure, <u>see</u> 28 C.F.R. §§ 543.30-543.32. A plaintiff must exhaust administrative remedies before pursuing relief under the FTCA. 28 U.S.C. § 2675(a); <u>Frantz v. United States</u>, 29 F.3d 222, 224 (5th Cir. 1994). We need not determine whether Lopez exhausted his FTCA

administrative remedies, as his FTCA claim against Dr. Partida is unavailing on its merits.

Under Texas law, which applies to Lopez's FTCA claim, Cleveland v. United States, 457 F.3d 397, 403 (5th Cir. 2006), Dr. Shah's alleged negligence in tearing Lopez's stitches while examining his eye was a "superseding cause" that "destroy[ed] [any] causal connection between the negligent act or omission of [Dr. Partida] and the injury complained of, and thereby [became] the immediate cause of such injury." Taylor v. Carley, 158 S.W.3d 1, 9 (Tex. App. 2004). Lopez therefore could not recover from Dr. Partida based on the referral to Dr. Shah. Lopez's complaint states no other basis for recovery based on Dr. Partida's alleged actions or omissions.

The magistrate judge's dismissal of Lopez's action constitutes a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We warn Lopez that if he accumulates three strikes, he will be barred under § 1915(g) from proceeding in forma pauperis in a civil action or an appeal unless he is under imminent danger of serious physical injury.

AFFIRMED. SANCTION WARNING ISSUED.