# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2014

Lyle W. Cayce
Clerk

FRANCIS J. LEARY, Also Known as Francis Joseph Leary,
Also Known as Frank Leary, Also Known as Frank J. Leary,
Also Known as Justin Hayward, Also Known as John Lodge,
Also Known as Francis Joseph Leary, Jr.,

Plaintiff−Appellant,

versus

RICK THALER, Director, Texas Department of Criminal Justice;
GLENN, Law Library Supervisor; DAVIS, Law Library Officer;
DAVID, Assistant Warden; V. BARROW, Assistant Program Administrator;
GLENN, Mailroom Supervisor,

Defendants−Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:13-CV-219

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10053

Francis Leary, Texas prisoner # 1495334, appeals a judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).  Leary alleged that prison officials and employees violated his right of access to courts by obstructing his ability to file a timely petition for writ of certiorari.

We apply *de novo* review to a prisoner's action dismissed for failure to state a claim.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  We have reviewed the record and Leary's brief and agree with the dismissal for failure to state a claim on the alternative ground that Leary did not "identify a non-frivolous, arguable underlying claim" and describe it "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  *Christopher v. Harbury*, 536 U.S. 403, 415−16 (2002) (internal quotation marks and citation omitted).  In the district court, Leary did not address the nature of his certiorari petition or describe the claim(s) he sought to raise therein.

Accordingly, the judgment is AFFIRMED.  Leary's motion for appointment of counsel is DENIED.

The dismissal of Leary's civil complaint for failure to state a claim counts as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Leary is warned that if he accumulates three strikes, he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).