# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31279
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2015

Lyle W. Cayce
Clerk

VICTOR JOHNSON,

Plaintiff - Appellant

v.

N. BURL CAIN; FORD E. STINSON, JR.; J. SCHUYLER MARVIN; JUDGE
STEWART; JUDGE CARAWAY; JUDGE MOORE; CARMEN B. YOUNG,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-1727

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Victor Johnson, Louisiana prisoner # 107849,
challenges the dismissal of his civil-rights claims, filed under 42 U.S.C. § 1983,
against a prison warden, a court clerk, a district attorney, four state-court
judges, the parish police jury, and the United States. Aside from conclusory
statements, Johnson fails to challenge the court's reasons for dismissing the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

action as frivolous, pursuant to 28 U.S.C. § 1915(e).  Therefore, he waives any challenge to the relevant issues on appeal.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In the alternative, Johnson bases his claims on the denial of post-conviction relief from his state second-degree murder conviction and life sentence.  Thus, a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence".  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In order to recover damages under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid", Johnson must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus".  *Id*. at 486–87.  Because Johnson has not shown his conviction has been invalidated, his claims are not cognizable under § 1983.  *See id*. at 487.

Johnson's appeal is DISMISSED AS FRIVOLOUS.  The court's dismissal of the action, and the dismissal of the instant appeal as frivolous, count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996).  Johnson is WARNED that, if he accumulates three strikes under § 1915(g), he will be barred from proceeding *in forma pauperis* in any civil action or appeal, filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

DISMISSED.