# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2019

Lyle W. Cayce
Clerk

HEYMAN GUILLORY,

Plaintiff-Appellant

v.

RODNEY D. CONERLY, Assistant Criminal District Attorney; C. HADEN CRIBBS, Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-102

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Heyman Guillory, Texas prisoner # 1472234, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint in which he sought monetary damages for alleged civil rights violations during his capital murder trial from the trial judge, the assistant district attorney (ADA), and his court-appointed trial counsel. The district court determined that his claims for monetary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

damages were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); that his claims against the trial judge and the ADA were barred by absolute immunity; and that, to the extent Guillory attempted to amend his complaint to add habeas claims, it was without jurisdiction to consider those claims because they were successive and unauthorized by this court. The district court dismissed the complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

On appeal, Guillory does not address the district court's reasons for dismissing his claims. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Guillory has failed to brief the relevant issues in this case, his appeal is frivolous and is dismissed. *See* 5TH CIR. R. 42.2. Guillory's motion to supplement the record on appeal is denied.

The dismissal of Guillory's suit in the district court as frivolous and for failure to state a claim and the dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Guillory is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.