IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60043
Conference Calendar

_____

JOHN W. KNIGHT, JR.,

                                        Plaintiff-Appellant,

versus

CALHOUN COUNTY, MISSISSIPPI;
CALHOUN COUNTY BOARD OF SUPERVISORS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 01-60043
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

     John W. Knight, Jr., Mississippi prisoner # R1819, appeals

the district court's dismissal of his 42 U.S.C. § 1983 civil

rights lawsuit as time-barred, asserting that the dismissal was

error because there is no federal statute of limitations for

42 U.S.C. § 1983 actions.  Knight is correct that there is no

federal limitations period for 42 U.S.C. § 1983 actions; because

there is no statute of limitations for 42 U.S.C. § 1983 actions,

federal courts borrow the general personal injury limitations

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

period of the forum state.  See Owens v. Okure, 488 U.S. 235, 249-50 (1989).  The limitations period in Mississippi is three years.  Miss. Code Ann. § 15-1-49.  Knight's complaint, filed on August 31, 2000, at the earliest, asserted claims which arose on August 1, 1997, and was therefore time-barred.  See id.

Knight's appeal is wholly without arguable merit, is frivolous, and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  Both the district court's dismissal of his complaint and this court's dismissal of the instant appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Knight is CAUTIONED that if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.