IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41242
Conference Calendar

_____

WILLIE JAMES MORRISON,

                                        Plaintiff-Appellant,

versus

SELESTER D. BACON, Captain; BRADLEY K. HUTCHINSON,
Lieutenant; DENICIA S. JEFFERSON; GREGORY MCCARDLE,
Sergeant - Gang Task Force,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-46
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Willie James Morrison ("Morrison"), Texas state prisoner
# 312996, appeals the district court's dismissal of his 42 U.S.C.
§ 1983 civil rights complaint as frivolous and for failure to
state a claim upon which relief may be granted.  Morrison alleged
that the defendants failed to protect him from a threatened
assault by gang members.  Morrison argues that he was returned to
the general population after the defendants determined that there

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was insufficient evidence which warranted placing Morrison in protective custody.

Because Morrison has not shown that the defendants were aware of a substantial risk that he would be assaulted by gang members and disregarded that risk by failing to take reasonable measures to abate it, Morrison has not shown that the district court erred in dismissing his complaint. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Morrison's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The dismissal of this appeal and the dismissal by the district court each count as a "strike" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We note that Morrison has at least one other strike against him. See Morrison v. Mack, No. 5:97-CV-293 (E.D. Tex. April 2, 1998). By accumulating three strikes, Morrison is barred from proceeding in forma pauperis in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.