IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40658
Conference Calendar

_____

ANTONIO M. LACY,

Plaintiff-Appellant,

versus

ARTHUR H. VELASQUEZ, Warden, Michael Unit;
MICHAEL L. STARKEY, Assistant Warden, Michael Unit;
JAMES YOUNG, Major, Michael Unit;
KEVIN G. MAYFIELD, Lieutenant, Michael Unit;
KENNETH PARTIN, Captain, Michael Unit;
PAMELA KIRKPATRICK; TAMMY HAM; CESAR SAENZ; K. WARD;
STACEY ARTHUR,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-426
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Antonio M. Lacy, Texas prisoner # 594575, appeals the

dismissal as frivolous and for failure to state a claim of his

42 U.S.C. § 1983 lawsuit challenging his disciplinary conviction

for attempting to extort $8,000 from a fellow inmate by means of

an altered government document, an order purportedly granting a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

writ of habeas corpus. On appeal, Lacy does not renew any of the numerous claims he raised in his original complaint, and those claims are therefore waived. Yohey v. Collins, 985 F.2d, 222, 224-25 (5th Cir. 1993).

Lacy argued below that $7,725, the amount equivalent to the sum that the charging officer testified was going to be paid to him in exchange for the false habeas order, was stolen from his inmate trust account. The district court rejected this claim, correctly determining that the record showed that Lacy's account never actually contained such a sum. Lacy now concedes that his account never contained $7,725 but argues, for the first time on appeal, that because there was never a deposit of $7,725, there was insufficient evidence to convict him of extortion.

This court will not consider Lacy's new theory of the case as it was not first presented to the district court. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997). Even if the court were to consider the argument, it is without merit. The charging officer's testimony implicating Lacy in the extortion attempt, as well as the corroborating documentary evidence, constitute "some" evidence of Lacy's guilt sufficient to support his disciplinary conviction. See Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985).

Lacy's appeal is wholly without merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). This court has also affirmed the dismissal, as frivolous, of at least one of Lacy's prior civil rights actions, which counts as a third strike. See id.; Lacy v. Collins, No. 95-20033 (5th Cir. Aug. 8, 1995)(unpublished). Because Lacy has accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Lacy is further CAUTIONED to review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.