United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20042
Conference Calendar

———————————

ELZIA ALLEN RICHARDSON,

                                        Plaintiff-Appellant,

versus

ONE BLACK FEMALE CORRECTIONAL OFFICER; MIKE LIGHTSEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4181
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Elzia Allen Richardson, Texas prisoner # 525518, appeals from the denial of his FED. R. CIV. P. 60(b) motion. Richardson contends that he is entitled to relief under Rule 60(b)(3)&(6), because Lieutenant Mike Lightsey allegedly gave perjured summary judgment affidavit testimony.

Even if Richardson's assertions of perjury were accepted as true, we would set aside the judgment only if we found that Lightsey's actions precluded Richardson from "fully and fairly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

present[ing] [his] case."  See Diaz v. Methodist Hospital,
46 F.3d 492, 497 (5th Cir. 1995) (internal quotations and
citation omitted).  Richardson made the same allegations during
the summary judgment proceedings, and, therefore, Richardson was
not prevented from "fully and fairly present[ing] [his] case."
See id.  Moreover, the issue whether Lightsey perjured himself
was immaterial to the resolution of his appeal from the district
court's denial of 42 U.S.C. § 1983 relief.  See Richardson v. One
Black Female Correctional Officer, No. 01-21268 (5th Cir. Mar.
20, 2003) (unpublished).  Richardson has therefore not shown an
abuse of discretion on the part of the district court.  See Diaz,
46 F.3d at 496.

Richardson's appeal is without arguable merit and is
dismissed.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215,
219-20 (5th Cir. 1983).  Richardson is informed that the
dismissal of this appeal as frivolous counts as a strike for
purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons,
103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.