IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51155
Conference Calendar

_____

KEITH RUSSELL JUDD,

Plaintiff-Appellant,

versus

UNITED STATES DISTRICT COURT; L. STUART PLATT, U.S. MAGISTRATE;
W. ROYAL FURGESON, U.S. DISTRICT JUDGE; KAREN Y. COREY-STEELE;
STEPHEN FRENCH, FBI Agent; MARK ROOMBERG, Assistant U.S.
Attorney; U.S. MARSHAL SERVICE; FEDERAL MEDICAL CENTER AT FORT
WORTH, TEXAS; EMILY FALLIS, Psychologist; DAVID GREEHAW, Attorney
at Law; CLERK, UNITED STATES DISTRICT COURT, Midland-Odessa
Division; JOE CONNELLY, Judge,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CV-167
- - - - - - - - - -

April 16, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Keith Russell Judd, federal prisoner # 11593-051, has filed

this interlocutory appeal in a civil rights lawsuit which has

since been dismissed by the district court for failure to state a

claim for relief.  Judd moves this court to appeal in forma

pauperis (IFP), for immediate release from custody, to expedite

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his appeal, and to consolidate this appeal with appeal No. 98-51135. The motions for IFP, immediate release, and to expedite the appeal are DENIED and the motion to consolidate the appeal is DENIED AS MOOT.

Our review of the record reveals that Judd's appeal is without arguable merit and, thus, frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). Two other appeals filed by Judd have been dismissed as frivolous by this court. Judd v. University of New Mexico, No. 97-50242 (5th Cir. Dec. 9, 1997); Judd v. United States District Court, No. 98-51119 (5th Cir. Apr. 15, 1999). Judd may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. See § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

MOTIONS FOR IFP, IMMEDIATE RELEASE, AND EXPEDITED APPEAL DENIED; MOTION TO CONSOLIDATE DENIED AS MOOT; APPEAL DISMISSED; APPELLANT BARRED. See 28 U.S.C. § 1915(g).