**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 17, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10712
Conference Calendar

WARREN CHARLES REED,

                              Plaintiff-Appellant,

versus

FNU MOORE, Officer,

                              Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-110
---------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Warren Reed, Texas prisoner # 597494, has appealed the
district court's order dismissing his civil rights complaint for
failure to state a claim.  Reed alleged in his complaint that he
suffered injuries when the defendant backed a van, in which Reed
was riding, into a metal pole.  The negligent act of an official
causing loss or injury will not, standing alone, state a claim
under 42 U.S.C. § 1983.  See Coon v. Ledbetter, 780 F.2d 1158,
1163 (5th Cir. 1986).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reed contends for the first time on appeal that Officer Moore acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment by denying him medical treatment in order to "keep the accident from being documented." Although Reed did contend in the district court that he was denied medical treatment at the Robertson Unit at the time of the accident, as to Officer Moore, he alleged only that Moore told him not to complain if he wanted to reach his destination.

Reed's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. We caution Reed that the dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). If Reed accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.