United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10855
Conference Calendar

NELSON HAWKINS,

Plaintiff-Appellant,

versus

C. KNHER, Licensed Vocational Nurse; WILLIAM GONZALEZ, M.D.;
QUALITY SERVICES/RISK MANAGEMENT DIRECTOR; JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; LYNN ALLEN, Grievance Supervisor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-159
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nelson Hawkins filed this pro se, in forma pauperis

complaint pursuant to 42 U.S.C. § 1983, at a time when he was a

Texas prisoner (# 514798).  Hawkins, who allegedly has since

discharged his sentence, now appeals the district court's

dismissal of his complaint as frivolous.  The district court

concluded that Hawkins had failed to exhaust his administrative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remedies with respect to the claims contained in his complaint, as required by 42 U.S.C. § 1997e(a).

On appeal, Hawkins reiterates his allegations of deliberate indifference to his serious medical needs.  But he does not acknowledge or challenge the basis for the district court's procedural ruling that he had failed to exhaust his administrative remedies.  Accordingly, it is as if Hawkins had not appealed the judgment.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Hawkins's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

As Hawkins's appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Because Hawkins was incarcerated at the time he filed the instant complaint, the district court's dismissal of his complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Should Hawkins be returned to prison and accumulate three strikes, he would not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he were under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.