United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10394
Summary Calendar

JOHN JULIAN DAYSE,

Plaintiff-Appellant,

versus

JOHN DOE; JOHN BENNETT; ROGELIO PEREZ; BRUCE SHIELDS;
CAPTAIN FRANK POHLMEIER; KELLI WARD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-254
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

John Julian Dayse, Texas inmate # 498384, appeals the
dismissal of his 42 U.S.C. § 1983 action as frivolous and for
failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Dayse
contends that the defendants placed him in a holding cell for
three hours in retaliation for his threats to file a grievance
against defendant Doe, a prison guard, when Doe refused to change
the television channel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dayse's complaint and his response to the district court's questionnaire reveal that he failed to allege facts to establish retaliation for the exercise of a constitutionally protected right.  See Johnson v. Rodriquez, 110 F.3d 299, 310-11 (5th Cir. 1997).  Dayse's allegations also fail to show that he was deprived of any constitutionally protected interest, or that any defendant acted with deliberate indifference to his health or safety.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Farmer v. Brennan, 511 U.S. 825, 847 (1994).  The judgment of the district court is AFFIRMED.

Dayse is warned that the district court's dismissal of his action as frivolous counts as a strike under 28 U.S.C. § 1915(g).  If Dayse accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.