United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20694
Summary Calendar
_____

JUAN ANTONIO VELASQUEZ,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION; TEXAS CHAIRMAN-TEXAS BOARD OF PARDONS &
PAROLES; TEXAS BOARD OF PARDONS AND PAROLES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2210
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Velasquez, Texas prisoner # 1055310, appeals the dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim and as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). Velasquez asserts that the district court was wrong to dismiss his § 1983 complaint pursuant to § 1915(e) because he had not sought leave to proceed in forma pauperis (IFP). Although

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Velasquez had not moved to proceed IFP in the district court, the magistrate judge ordered that the filing fee for his § 1983 complaint be paid in installments, and, thus, the magistrate judge effectively granted Velasquez IFP status with respect to his § 1983 suit. Moreover, any misapplication of § 1915(e)(2)(B) was harmless given the existence of an alternative frivolity provision applicable to fee-paid complaints. See § 1915A(b)(1).

Velasquez also argues that the district court erred in ruling on the claim raised in his § 1983 suit because the claim was pending first in another court via a 28 U.S.C. § 2254 petition. Velasquez has not shown that there was any motion pending in the instant case which would have prevented the district court from ruling on his § 1983 complaint. He offers no other argument to challenge the district court's dismissal of his § 1983 suit as malicious and for failure to state a claim. Accordingly, Velasquez's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Velasquez is advised that the dismissal of this appeal as frivolous and the district court's dismissal of his § 1983 suit each count as strikes for purposes of § 1915(g) and that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of

serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383,
388 (5th Cir. 1996); § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.