United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-31011
Conference Calendar

_____

CARL ANTHONY DUPERON,

                                        Plaintiff-Appellant,

versus

DEPUTY WARDEN VICTOR; MAJOR RILEY;
SOUTH LOUISIANA CORRECTIONAL CENTER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-2304
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Carl Anthony Duperon, Louisiana prisoner # 101335, appeals
from the district court's order dismissing his pro se 42 U.S.C.
§ 1983 civil rights action as frivolous and for failure to state
a claim upon which relief may be granted, pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(i) and (ii) and 1915A.

    Duperon alleged that the defendants were deliberately
indifferent to his serious medical needs when they housed him for
18 days in isolation, rather than in his prison's medical ward,
after he fractured his jaw and had his jaw wired shut; this

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegedly led to a serious infection. The magistrate judge determined that Duperon's allegations and medical records showed that he was promptly and properly treated; that he was taken to a hospital almost immediately after the severity of the infection was discovered; that surgery for the fracture was performed days later; and that Duperon's recovery following the surgery was uneventful. The magistrate judge concluded that, at worst, Duperon had stated a claim of negligence or malpractice. In his appellate brief, Duperon has failed to make specific arguments with respect to his deliberate-indifference claims or to cite the portions of the record upon which he relies. Accordingly, we conclude that Duperon has effectively abandoned his claims, in that they are inadequately briefed. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The appeal is without arguable merit, is frivolous, and is therefore dismissed. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Duperon's § 1983 complaint and the dismissal of this appeal as frivolous count as strikes under the three-strikes provision, 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Duperon is cautioned that if he accumulates a third strike under 28 U.S.C. § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.