# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2011

No. 10-31269
Summary Calendar

Lyle W. Cayce
Clerk

NOEL DEAN,

Plaintiff-Appellant

v.

BURL CAIN; AMANDA SMITH; CONNIE MCCANN,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-671

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Noel Dean, Louisiana prisoner # 309740, appeals the 28 U.S.C. §§ 1915A
and 1915(e)(2)(B) dismissal as frivolous of his 42 U.S.C. § 1983 lawsuit, asserting
that prison officials had stolen or misplaced his inmate funds, in violation of his
constitutional rights. Dean argues that dismissal of his lawsuit without an
evidentiary hearing or an opportunity to amend was error.  He additionally
contends that the district court erroneously dismissed his lawsuit for failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

exhaust when he in fact has exhausted the administrative remedies available to him.

Dean misapprehends the basis for the district court's dismissal. His suit was dismissed not for failure to exhaust but as frivolous for failure to raise a constitutional claim. Dean has abandoned by failing to brief any argument challenging the district court's conclusion that his lawsuit did not implicate a constitutional claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Dean fails to brief any challenge the district court's reasons for dismissing his suit, he has abandoned the sole ground for appeal. *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The appeal is thus without arguable merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Both the dismissal of the instant appeal and the district court's dismissal of his complaint count as strikes for purposes of the in forma pauperis (IFP) provisions of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Dean has at least two prior strikes. Accordingly, he has accumulated more than three strikes and is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.