# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40967
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

TEODORO GONZALEZ,

Plaintiff-Appellant

v.

OFFICER JORDAN,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-209

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Teodoro Gonzalez, Texas prisoner # 1530151, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, which the district court concluded pursuant to 28 U.S.C. § 1915A was frivolous and failed to state a claim. Gonzalez argues that Officer Jordan acted with deliberate indifference to his safety because she "rushed" him while escorting him to a hearing, despite the fact that his hands were cuffed behind his back and his legs were shackled.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40967

Gonzalez points out that Jordan failed to comply with prison procedures for escorting restrained prisoners and maintains that she confessed to "rushing" him by admitting that she had told him to "slow down." In addition, Gonzalez asserts that Jordan's failure to avert injury constitutes a due process violation.

Although Jordan's conduct could be categorized as negligent, the complaint and Gonzalez's more definite statement failed to allege that Jordan was aware of any facts from which an excessive risk of harm could be drawn or that she actually drew such an inference. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Gonzalez's conclusional allegations are insufficient to establish deliberate indifference. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Jordan's failure to comply with prison procedures, without more, does not constitute evidence of a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Additionally, Gonzalez has not established that Jordan's actions rose to the level of an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," as is required to show a due process violation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Because Gonzalez's claims lacked an arguable basis in law and failed to state a facially plausible claim for relief, the district court did not err in dismissing his civil rights complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Consequently, the judgment of the district court is affirmed. The district court's dismissal of Gonzalez's complaint as frivolous and for failure to state a claim counts as a strike pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Gonzalez is warned that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action

No. 14-40967

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.