# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2017

Lyle W. Cayce
Clerk

JASON HENDRIX,

Plaintiff-Appellant

v.

LLOYD ASCHBERGER, P.A.; JACKIE ASHCRAFT, L.V.N.; K. JOHNSON, L.V.N./C.I.D.; ROBERT DALECKI, Regional Operations Manager; K. PALOMBO, Holliday Unit Grievance Investigator, et al.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3493

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jason Hendrix, Texas prisoner # 1838519, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). He also moves for appointment of counsel. In his complaint, Hendrix alleged that the defendants acted with deliberate indifference to his serious medical needs. He asserts that he suffers from Hepatitis C and neck and spinal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injuries.  Although Hendrix admitted that he has seen prison medical staff repeatedly, he argued that the defendants refused to refer him to specialists, failed to provide him with medications that could cure his Hepatitis C, and provided him with ineffective pain medications.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). To prevail on such a claim, the prisoner must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).  Acts of negligence, medical malpractice, or disagreements about medical treatment generally are insufficient to establish a constitutional violation. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).  Hendrix's arguments regarding his medical care amount to a disagreement with the treatment provided and are insufficient to show a constitutional violation. *See id.*  Accordingly, the dismissal of Hendrix's § 1983 complaint is AFFIRMED.  His motion for appointment of counsel is DENIED.

The district court's dismissal of Hendrix's § 1983 complaint as frivolous counts as a strike under § 1915(g). *See Coleman v. Tollefson,* 135 S. Ct. 1759, 1761 (2015); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Hendrix is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is "under imminent danger of serious physical injury." § 1915(g).