# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2017

Lyle W. Cayce
Clerk

THOMAS DEWAYNE ELLASON,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL INSTITUTIONS DIVISION; BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Official and Individual Capacity; SHAWN BLAIR, Director of Texas Correctional Industries, Official and Individual Capacity; JACK DOUGLAS, Director of Texas Department of Criminal Justice Grievance Office, Official and Individual Capacity; FRANK HOKE, Director of Texas Department of Criminal Justice Offender Access to Courts, Official and Individual Capacity; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, Official and Individual Capacity; OLIVER J. BELL, Chairperson, Official and Individual Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3325

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

No. 16-20266

PER CURIAM:[*]

Thomas Dewayne Ellason, Texas prisoner # 600129, appeals the dismissal of his 42 U.S.C. § 1983 action against several directors and administrators of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ). The district court dismissed the complaint for failure to state a claim, noting that Ellason lacked standing to bring some claims and that he otherwise failed to make the factual allegations needed to show that the defendants violated his constitutional rights.

On appeal, Ellason repeats some of his extremely broad and generalized assertions of corruption, mismanagement, and unconstitutional conditions and operations within the TDCJ. But he fails to address the district court's particular reasons for dismissal and thus waives any issue relevant to this appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, Ellason's arguments on appeal are, like his complaint, fatally vague and conclusional, being unsupported by legal and factual analysis that would show how these defendants were involved, either directly or through their implementation of specific policies, in the violation of Ellason's constitutional rights. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006); *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997).

The judgment of the district court is AFFIRMED.

The district court's dismissal of Ellason's § 1983 complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015); *Adepegba v. Hammons*, 103 F.3d 383,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20266

387 (5th Cir. 1996).  Ellason is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he "is under imminent danger of serious physical injury."  § 1915(g).