# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-10379
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

KHALID AWAN,

Plaintiff-Appellant

v.

D. J. HARMON, Warden (Seagoville); A. GILL, Warden (Mendota); JUAN D. CONSTILLO, Director (Western Regional Office); A. STRONG, Associate Warden (Seagoville); GERARDO ROSALEZ, Associate Warden (Seagoville); STEVE LAKE, Associate Warden (Mendota); D. WILSON, Administrative Remedy Coordinator/Executive Assistant (Seagoville); J. LEAP, Special Investigative Services Officer (Seagoville); G. SCHANFISH, Supervisory Chaplain (Seagoville); NFN WHITE, Assistant Food Service Administrator (Seagoville); NFN JOHNSON, Unit Manager - Buildings D-54 & 7 (Seagoville); J. WILLIAMS, Education Technician (Seagoville); OFFICER NFN GUZMAN, Unit Counselor - Building C-7 (Seagoville); EDDY M. MEIJA, Warden (Seagoville) - (Retired); NFN HUNTER, Health Services Administrator (Seagoville) - (Retired); MR. NFN BENSON, Trust Fund Supervision (Seagoville) - (Retired); NFN WATSON, Education Teacher (Mendota) - (Released); P. KANE, Centerl Bureau Director (Federal Bureau of Prisons); J. A. KELLER, Director, Southwestern Central Regional Office,

Defendants-Appellees

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-130

———————————

No. 17-10379

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Khalid Awan, federal prisoner # 50959-054, filed a civil rights complaint and a motion for leave to proceed in forma pauperis (IFP). The district court found that Awan was barred under the three-strikes rule in 28 U.S.C. § 1915(g) from filing his civil action because he was not under imminent danger of death or serious physical injury. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). The district court denied Awan's motion for leave to proceed IFP and ordered him to pay the filing fee or have his civil rights action dismissed. The district court subsequently dismissed Awan's complaint without prejudice for having failed to pay the filing fee. Awan has appealed.

In finding that Awan had three strikes, the district court counted the case of *Awan v. Lapin*, 2010 WL 963916 (E.D. N.Y. March 17, 2010), as a strike because some of Awan's claims had been found to have failed to state a claim upon which relief could be granted and some had been dismissed on summary judgment. After the district court's IFP denial, we held that a strike does not issue unless all of the claims are dismissed for being frivolous, malicious, or failing to state a claim. *Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017). Accordingly, the cases cited by the district court do not establish that Awan has three strikes under § 1915(g). The district court's order finding that Awan was barred under § 1915(g) and the subsequent dismissal of his complaint are VACATED. The matter is REMANDED to the district court for consideration consistent with *Brown*.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10379

Awan's motion seeking initial hearing en banc of his appeal is DENIED. *See* 5TH CIR. R. 35.2.