# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-10361
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2025

Lyle W. Cayce
Clerk

Eduardo Margarito Soto,

                                  *Plaintiff—Appellant*,

*versus*

State of Texas; Sharon Wilson; Dale Smith, *also known as* Dale Dominick Smith; John Williams Stickles, *also known as* John Stickles; Teri Estes Hightower, *also known as* Terence Sharise Estes Hightower; Bob Gill, *also known as* Bob, "Robert K. Gill"; Anndi Q. Risinger, *also known as* Andrea M. Risinger, *also known as* Anndi M. Risinger; John W. Newborn, III; Jane Doe; Letty Martinez, *also known as* Leticia Elva Martinez; Christy Jack, *also known as* Christina Jack,

                                  *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-1138

_____

No. 25-10361

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Eduardo Margarito Soto, Texas prisoner # 02178983, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, wherein he sought to challenge his conviction and sentence for aggravated sexual assault of a child under 14, as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Soto challenges the dismissal on grounds unrelated to the *Heck* bar.

Although we liberally construe pro se litigants' briefs, the litigant must still brief his arguments before this court can consider them. *Davis v. Lumpkin*, 35 F.4th 958, 962 n.1 (5th Cir. 2022). Because Soto fails to identify any error in the district court's analysis, it "is the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, he has abandoned any challenge to the district court's decision on appeal. *See Davis*, 35 F.4th at 962 n.1; *see also Brinkmann*, 813 F.2d at 748. Accordingly, the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

This dismissal and the dismissal of Soto's case in the district court each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015); *see also Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 239, 241 (5th Cir. 2020). Soto is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.